UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID McCARROLL,

        Plaintiff,         Case No. 1:07-cv-513

v.        Honorable Richard Alan Enslen

UNKNOWN SIGMAN,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On July 5, 2007, this Court ordered service of Plaintiff's Complaint on Defendant James Sigman. On August 21, 2007, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies. Upon review, Defendants' motion for summary judgment will be denied.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which defendants have the burden to plead and prove.  *Jones v. Bock*, 127 S. Ct. 910, 919-21 (U.S. 2007).  A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit Court of Appeals repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).

Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff currently is on parole, but complains of events that occurred while he was incarcerated at the Oaks Correctional Facility (ECF). In his *pro se* Complaint, Plaintiff sues ECF Corrections Officer James Sigman for violating his Eighth Amendment rights.

Plaintiff claims that on April 26, 2005, Defendant Sigman came to his cell in the segregation unit and asked if he was burning anything. When Plaintiff replied, "No," Defendant supposedly stated, "The records will show that you had a fire going in your cell." (Compl. ¶ 13) Defendant Sigman then returned to Plaintiff's cell with a fire extinguisher and began spraying Plaintiff through the food-slot. (*Id*. at ¶ 14.) Plaintiff alleges that the chemicals from the fire extinguisher burned his eyes, caused pain in his chest and armpits, and made it difficult for him to breathe. *(Id*. at ¶ 15.) Plaintiff sat in his cell for over two hours before he was taken to the shower to wash off the chemicals from the fire extinguisher. (*Id*. at ¶ 16.) After his shower, a unit nurse saw Plaintiff but did not physically examine him. Rather, she stated that Plaintiff would be called out in a few days for a full examination. (*Id*. at ¶ 17.) Plaintiff argues that he still suffers from breathing problems and emotional distress. (*Id*. at ¶ 22.)

On April 27, 2005, Plaintiff received a major misconduct ticket from Defendant Sigman for setting a fire in his cell. (Compl. at ¶ 18.) On May 17, 2005, however, the hearings officer dismissed the major misconduct ticket. (*Id.* at ¶ 19.) Plaintiff alleges that Defendant Sigman wrote the false ticket against Plaintiff to cover-up his improper conduct. For relief, Plaintiff requests a declaratory judgment and compensatory and punitive damages.

**Discussion**

I.      Applicable Law

Defendant claims that he is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). This must be done even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (U.S. 2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (U.S. 2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

II.      MDOC Grievance Policy

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral

---

[1] The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

4

resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

   III. <u>Grievance No. ECF-05-05-934-27E</u>

Plaintiff filed a grievance against Defendant Sigman claiming that Sigman violated his Eighth Amendment rights by spraying him with a fire extinguisher when there was no fire in Plaintiff's cell. (*See* Step I Grievance, Pl.'s Ex. A, Dkt. No. 1-2). Plaintiff indicated that the "Date

5

of Incident" was April 26, 2005 and "Today's Date" was April 27, 2005. The Step I Grievance was received at Step I on May 6, 2005. The Step I respondent rejected Plaintiff's grievance as untimely. In his Step II appeal, Plaintiff claimed that he was unable to timely file his grievance because he was placed on paper restriction from April 27, 2005 through May 3, 2005. (*See* Step II/III Grievance Appeal, Pl.'s Ex. C, Dkt. No. 1-4.) In support of his claim, Plaintiff provided a copy of the paper restriction, which was approved by Deputy Warden Hughes. (*See* Restriction of Segregation Property and Privileges, Pl.'s Ex. B, Dkt. No. 1-3.) Warden Curtin responded at Step II, stating:

> Your Step II appeal has been reviewed. Your Step I grievance was rejected by Grievance Coordinator Pelton, as he notes that it was not timely filed. You appeal[ed] to Step II, stating that you could not file the Step I grievance as you were on paper restriction. While MICH. DEP'T. OF CORR., Policy Directive 03.02.130, "Prisoner/Parole Grievances" states that prisoners may be exempt from timely filing of their grievances due to " . . . a valid reason for the delay; e.g., transfer," I am hesitant to find your inappropriate behavior as a valid reason for delay. Nonetheless, with regard to the issue you raise, you state that RUO Sigman decided to spray you with a fire extinguisher, even though there was no fire. I find this claim to be highly implausible, especially in light of reports provided by various staff in the critical incident report which was filed. RUO Claveau, as well as other staff, reported seeing the results of the fire you set. I find that you provide nothing at Step II that indicates the Step I response provided by Grievance Coordinator Pelton was inappropriate, nor do you provide any verifiable evidence to refute the clear statements of witnessing staff, thus the Step I response is supported. Nothing is found to substantiate your claim. For the reasons noted, your Step II appeal is denied.

(*See* Step II Grievance Resp., Pl.'s Ex. C, Dkt. No. 1-4.) The Step II decision was upheld at Step III. (*See* Step III Grievance Resp., Pl.'s Ex. D, Dkt. No. 1-5.) James Armstrong, the Step III respondent, noted that the grievance was rejected as untimely at the local level. Armstrong further stated that the record supported the Step II response.

Defendant Sigman claims that Plaintiff failed to properly exhaust his claim because the grievance was untimely filed. In *Woodford*, the Supreme Court held that a prisoner cannot satisfy

6

the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 126 S. Ct. at 2382. Plaintiff filed his grievance on May 6, 2005, which was ten days (eight business days) after the incident occurred. Under the grievance policy, a prisoner is required to file a Step I grievance within five business days. MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ X. The policy provides that a grievance may be rejected if it filed in an untimely manner, but "[t]he grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer." *Id.* at ¶ G(4). Defendant contends that it was determined that Plaintiff did not present a valid reason for failing to comply with the time requirement set forth in the grievance policy.

While the grievance was filed eight business days after the incident occurred on April 26, 2005, it is undisputed that Plaintiff was placed on paper restriction for seven days, from April 27, 2005 through May 3, 2005. If the Court accepted Defendant's argument that the paper restriction was not a valid reason for the delay, Plaintiff would have had no opportunity to properly exhaust his claim because the time for filing a grievance expired before the paper restriction expired. Regardless of the behavior that resulted in the paper restriction, prison officials may not deprive a prisoner of his opportunity to properly exhaust his claim by imposing a restriction that prevents him from complying with the grievance procedures. Plaintiff diligently pursued the grievance process after he was removed from paper restriction. Moreover, contrary to Defendant's argument, the Step II and III grievance respondents did not make a clear determination that Plaintiff had not provided a valid reason for the delay. Step II grievance respondent "hesitated" to accept the paper restriction as a valid reason for the delay, but proceeded to consider the merits of Plaintiff's grievance. The Step III respondent noted that the grievance was rejected as untimely at the local level (Step I), but upheld

the Step II decision. Accordingly, Defendant has failed to show that Plaintiff did not have a valid reason for the three-day delay in filing his Step I grievance.

## **Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be denied.

An Order consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    March 6, 2008 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |