UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID McCARROLL,

    Plaintiff,

Case No. 1:07-CV-513

v.

Hon. Richard Alan Enslen

UNKNOWN SIGMAN,

**JUDGMENT**

    Defendant.
_____/

    This matter is before the Court on Defendant James Sigman's Motion for Reconsideration of the Court's Opinion and Order of March 6, 2008, which denied Defendant's Motion for Summary Judgment Due to Lack of Exhaustion. The Court entered an Order on April 3, 2008 requiring "that Plaintiff David McCarroll shall file a Response within 21 days of the entry of this Order" and warning that "[f]ailure to respond may result in the entry of summary judgment for Defendant." (Dkt. No. 23, Order 2.) Plaintiff has failed to file a Response. Upon review of the briefing, the Court discerns no reason for oral argument. *See* W.D. Mich. LCivR. 7.2(d). Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof."

    Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 limits the materials the Court may consider in deciding a summary judgment motion to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). The initial burden is on the movant to specify the basis upon which summary judgment should be

granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. *See* Fed. R. Civ. P. 56(f); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990). In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).

Defendant argues the following finding in the Court's Opinion denying summary judgment was erroneous:[1]

> If the Court accepted Defendant's argument that the paper restriction was not a valid reason for the delay, Plaintiff would have had no opportunity to properly exhaust his claim because the time for filing a grievance expired before the paper restriction expired. Regardless of the behavior that resulted in the paper restriction, prison officials may not deprive a prisoner of his opportunity to properly exhaust his claim

---

[1] Defendant also argues summary judgment should have been granted due to Plaintiff's failure to prosecute this action. Although this argument has substantial merit, the Court need not address it since summary judgment is appropriate due to lack of exhaustion.

by imposing a restriction that prevents him from complying with the grievance procedures.

(Dkt. No. 18, Op. 7.) Defendant contends "a prisoner on paper restriction retains the ability to file grievances." (Mot. for Recons. Br. 2.) Since Plaintiff does not contest this fact, the Court must accept it as true. Thus, this represents a palpable defect in the Court's Opinion because the Court erroneously concluded that prison officials deprived Plaintiff of an opportunity to exhaust his claims. Since Plaintiff *had* the ability to exhaust his grievance while on paper restriction and failed to do so in the required time frame, correction of the palpable defect necessitates a different disposition of Defendant's summary judgment motion. *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (U.S. 2006) (holding that inmates must properly exhaust administrative remedies before bringing suit, which entails complying with all procedural rules governing the inmate grievance process including time deadlines); *see also Jones v. Bock*, 127 S. Ct. 910, 922 (U.S. 2007). Accordingly, summary judgment is appropriate because no genuine issues of material fact exist.

For the reasons aforementioned, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant James Sigman's Motion for Reconsideration of the Court's Order Dated March 6, 2008 (Dkt. No. 20) is **GRANTED**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment Due to Lack of Exhaustion (Dkt. No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 13, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |